958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alicia Lisa Urrunaga-Correa SCOTT, a/k/a Mommy Defendant-Appellant.
 No. 91-5044.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 20, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-220-G)
 Anne A. Issac (Susan Hayes, on brief), Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr. United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, SPROUSE and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alicia Urrunaga Scott appeals her conviction for conspiracy to possess with intent to distribute cocaine and "crack" cocaine in violation of 21 U.S.C.A. § 841(b)(1)(A) (West Supp.1991) and 21 U.S.C. § 846 (1988). Scott complains that the district court erroneously increased her offense level, having found that she was an organizer or leader under the Sentencing Guidelines. We disagree and affirm.
 
 Sentencing Guideline § 3B1.1 provides:
 Aggravating Role
 
 2
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 3
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by[4] levels.
 
 
 4
 United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1990). The commentary identifies factors which should be considered in determining whether an individual is an organizer or manager:
 
 
 5
 the exercise of decisionmaking authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 6
 U.S.S.G. § 3B1.1, comment. (n. 3).
 
 
 7
 A determination under this section is essentially factual and must be affirmed if not clearly erroneous. United States v. Fells, 920 F.2d 1179 (4th Cir.), cert. denied, 59 U.S.L.W. 3838 (U.S.1991); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3362 (U.S.1990).
 
 
 8
 The evidence was sufficient to support the district court's decision. The district judge found that there were more than five people involved in the conspiracy. Five of the co-conspirators were Scott, Scott's son, and three co-conspirators who testified at a hearing to provide a factual basis for the plea. The evidence taken included testimony which tended to show that Scott opened a new location for cocaine sales. The sales operation was quite extensive. She sold, cooked, and procured the cocaine. Scott exerted control over other coconspirators and recruited accomplices; she was in charge. The district court's finding is not clearly erroneous. See United States v. Sheffer, 896 F.2d at 846.
 
 
 9
 Accordingly, we affirm Scott's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.